IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TRINITY UNIVERSAL INSURANCE COMPANY OF KANSAS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. CIV-08-1366-L |
| GARY KIRK JAY, SHARON JAY, CHARLES G. CARTHEN, individually and as guardian and next friend of C.D.C., a minor child, KATHY GEILER and MIKE BARNETT, individually and as parents and next friend of N.G., a minor child, N.G., an adult, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

# **O R D E R**

Plaintiff, Trinity Universal Insurance Company of Kansas, Inc., filed this action for declaratory judgment on December 19, 2008. Plaintiff seeks a declaration that it has no duty to defend or indemnify defendants Gary Kirk Jay and Sharon Jay for claims brought by defendants Charles G. Carthen, Kathy Geiler, Mike Barnett, and N.G.[1] This matter is before the court on plaintiff's motion for summary judgment. Summary judgment is appropriate if the pleadings, affidavits, and depositions "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Any doubt as to the

---

[1]N.G. was a minor at the time of the events underlying this action and when this case was filed. He has since reached the age of majority. Nonetheless, given the nature of the claims at issue, the court and the parties continue to refer to him by his initials.

existence of a genuine issue of material fact must be resolved against the party seeking summary judgment. In addition, the inferences drawn from the facts presented must be construed in the light most favorable to the nonmoving party. Board of Education v. Pico, 457 U.S. 853, 863 (1982). Nonetheless, a party opposing a motion for summary judgment may not simply allege that there are disputed issues of fact; rather, the party must "set out *specific* facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2) (emphasis added). *See also*, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted). In addition, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The undisputed facts establish that defendant Gary Kirk Jay was a member of the Oklahoma Bar Association and was licensed to practice law by the Supreme Court of the State of Oklahoma until his resignation on March 9, 2007. Mr. Jay's resignation was submitted in response to a complaint filed by the Oklahoma Bar Association, which in turn was based in part on allegations he had sexually molested

2

juvenile clients he represented. Defendant Sharon Jay is Mr. Jay's spouse and worked as a receptionist at the building where Mr. Jay's office was located. In addition to seeing clients at his office, Mr. Jay would on occasion see clients at a garage apartment located at the residence he shared with Mrs. Jay. Exhibit 1 to Plaintiff Trinity Universal Insurance Company of Kansas, Inc.'s Motion for Summary Judgment at 24, 115-16, 120.

On November 11, 2005, plaintiff issued a homeowner's policy to the Jays covering their residence for the period November 11, 2005 to November 11, 2006. On November 11, 2006, plaintiff issued a policy covering the Jays' residence for the period November 11, 2006 to November 11, 2007. The policies both provide personal liability coverage under Section II - Coverage E, which provides:

> If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:
>
> 1. Pay up to our limit of liability for the damages for which the "insured" is legally liable. . . .; and
>
> 2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the "occurrence" equals our limit of liability.

Exhibit 4 to Plaintiff's Motion at 12; Exhibit 7 to Plaintiff's Motion at 12. The policies define "occurrence" as

3

> an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in:
>
> a. "Bodily injury"; or
> b. "Property damage."

Id. at 1.

On October 1, 2008, defendant Charles G. Carthen, as guardian and next friend of C.D.C., a minor child filed an action in the District Court of Pottawatomie County, Oklahoma against the Jays. Exhibit 5 to Plaintiff's Motion. In this action, Carthen alleged Mr. Jay molested C.D.C. in June 2006. Carthen sought damages against Mr. Jay for breach of fiduciary duty, legal malpractice, battery, and negligence and against Mrs. Jay for negligent failure to protect C.D.C. Id. On June 5, 2007, defendants Kathy Geiler and Mike Barnett, as parents and next friend of N.G., filed suit against Mr. Jay in the District Court of Pottawatomie County, Oklahoma. Exhibit 8 to Plaintiff's Motion. In this complaint, Ms. Geiler and Mr. Barnett alleged that N.G. was molested by Mr. Jay in January 2007. They sought damages based on Mr. Jay's alleged breach of fiduciary duty, legal malpractice, battery, and negligence. On September 2, 2008, Ms. Geiler and Mr. Barnett amended their Petition to assert a negligence claim against Ms. Jay based on her alleged failure to protect N.G. Id.

On February 13, 2008, Mr. Jay entered a plea of *nolo contendere* to charges of lewd molestation. Mr. Jay admits that C.D.C. and N.G. were his clients in 2006

and 2007, respectively. Exhibit 13 to Plaintiff's Motion. He also admits he saw C.D.C. and N.G. in the garage apartment in the course of his representation of them. Exhibit 1 to Plaintiff's Motion at 50, 65, 72, 75-81. The molestations of C.D.C. and N.G. by Mr. Jay occurred during the juveniles' visits with Mr. Jay in the garage apartment. Id. Mr. Jay admits the acts of molestation were voluntary on his part. Id. at 68, 116-17.

Plaintiff seeks a declaration that it has no duty to defend or indemnify either Mr. or Mrs. Jay for the claims brought on behalf of C.D.C. and N.G. It argues Mr. Jay's deliberate molestation of C.D.C. and N.G. does not constitute an occurrence as defined by the insurance contracts. In the alternative, it argues that even if Mr. Jay's actions constitute an occurrence, the policies contain a number of exclusions that preclude coverage. Mr. Jay has confessed plaintiff's motion as to him. Response to Plaintiff's Motion for Summary Judgment by Defendant Gary Kirk Jay (Doc. No. 70). The court therefore declares plaintiff has no duty to defend or indemnify him for claims asserted on behalf of C.D.C. and N.G.

Plaintiff makes the same arguments with respect to the negligence claims against Mrs. Jay. Mrs. Jay and the remaining defendants, however, contend that Mrs. Jay is not excluded under the policies because she is being sued for her own alleged negligence, not the intentional acts of her husband. They argue the exclusions in the policies do not apply to her conduct and, because her conduct was not intentional, an occurrence within the meaning of the policies is present with

5

respect to the claims against her. They also claim the policies' severability clause dictates that exclusions that apply to her husband's conduct do not apply to her conduct.

In Oklahoma, insurance contracts are interpreted using the rules of construction applicable to contracts generally. Dodson v. St. Paul Ins. Co., 812 P.2d 372, 376 (Okla. 1991). "The construction of an insurance policy should be a natural and reasonable one, fairly constructed to effectuate its purpose, and viewed in the light of common sense so as not to bring about an absurd result." Id. (*quoting* Wiley v. Travelers Ins. Co., 534 P.2d 1293, 1295 (Okla. 1974)). If the language of an insurance contract is clear and unambiguous, it must be interpreted in its plain and ordinary sense. "[N]either forced nor strained construction will be indulged, nor will any provision be taken out of context . . . ." Dodson, 812 P.2d at 376. The insured has the burden of establishing that a covered loss has occurred. Pitman v. Blue Cross and Blue Shield of Okla., 217 F.3d 1291, 1298 (10th Cir. 2000). If the insured meets her burden, the burden shifts to the insurer to prove that the loss falls within one of the exclusions to the policy. Id.

Based on these standards, the court finds there is no insurance coverage unless an accident has occurred. In United States Fid. & Guaranty Co. v. Briscoe, 239 P.2d 754 (Okla. 1951), the Oklahoma Supreme Court held that "the words 'accident' and 'accidental' have never acquired any technical meaning in law, and when used in an insurance contract, they are to be construed and considered

6

according to the common speech and common usage of people generally." Id. at 756. A voluntary act that in the normal course brings about injury does not constitute an accident. Id. at 757. As Mr. Jay has admitted to voluntarily molesting C.D.C. and N.G., his actions cannot constitute an accident and therefore an occurrence within the meaning of the policies.

Defendants' argument that Mrs. Jay's negligence must examined separately from her husband's acts is not supported by Oklahoma law. Her conduct does not constitute a separate "occurrence" because her acts – or her failure to act – could not render her liable without her husband's voluntary acts of molestation; the negligence claims are intertwined with the molestation claims. See Phillips v. Greenfield, 859 P.2d 1101, 1106 (Okla. 1993). There would be no claim of liability against Mrs. Jay absent Mr. Jay's voluntary molestation of C.D.C. and N.G. See Farmers Alliance Mut. Ins. Co. v. Salazar, 77 F.3d 1291, 1297 (10th Cir. 1996) ("to determine whether there was an 'occurrence' within the meaning of the policy we must focus on those events directly responsible for the injury."). Mrs. Jay's assertions that by entering a *nolo* plea Mr. Jay "did not plead guilty to the intentional acts of molestation"[2] and that he did not commit the acts for sexual stimulation[3] are unavailing. The fact that Mr. Jay may not have admitted to having the specific intent

---

[2]Defendant Sharon Jay's Response to Plaintiff Trinity Universal Insurance Company of Kansas, Inc.'s Motion for Summary Judgment at 11 (emphasis in original).

[3]Id. at 12.

to injure C.D.C. and N.G. is not conclusive as injury to them was not unusual or unexpected given Mr. Jay's voluntary actions. The injuries that allegedly occurred to his victims were the foreseeable result of his actions and are therefore not accidental.

Moreover, the severability clause does not remove the claims against Mrs. Jay from either the occurrence requirement or the exclusions under the policies. That clause states that the "insurance applies separately to each 'insured'. This condition will not increase our limit of liability for any one 'occurrence.'" Exhibit 4 to Plaintiff's Motion at 16; Exhibit 7 to Plaintiff's Motion at 16. The fact that the policies cover Mr. and Mrs. Jay separately does not mean that coverage is provided for one when such coverage is excluded under the policies. A court may "not impose coverage where the policy language clearly does not intend that a particular individual or risk should be covered." BP America, Inc. v. State Auto Prop. & Cas. Ins. Co., 148 P.3d 832, 836 (Okla. 2005). What was excluded by a policy cannot be resurrected by the severability clause as "[t]he purpose of severability is not to negate plainly worded exclusions." Id. at 841.

The court finds at least two of the policies' exclusions preclude coverage in this case regardless of whether an "occurrence" is present. Section II - Exclusions provides that:

> 1. Coverage E - Personal Liability and Coverage F - Medical Payments to Others do not apply to "bodily injury" or "property damage":

8

> \* \* \*
>
> > b. Arising out of or in connection with a "business" engaged in by an "insured." This exclusion applies but is not limited to an act or omission, regardless of its nature or circumstance, involving a service or duty rendered, promised, owed, or implied to be provided because of the nature of the "business";
>
> \* \* \*
>
> > k. Arising out of sexual molestation, corporal punishment or physical or mental abuse[.]

Exhibit 4 to Plaintiff's Motion at 12, 14; Exhibit 7 to Plaintiff's Motion at 12, 14. Mr. Jay's unrefuted testimony reflects that his molestation of C.D.C. and N.G. occurred during the course of his legal representation of them. Exhibit 1 to Plaintiff's Motion at 51-52, 65, 72-73, 76-80. In her response, Mrs. Jay concedes this point.[4] The policies clearly exclude coverage for bodily injury arising out of sexual molestation or a business engaged in by an insured. The conduct at issue encompassed both exclusions. Mr. Jay's business was the practice of law. Exhibit 1 to Plaintiff's Motion at 119. He saw these clients, and others, in the garage apartment. Any bodily injuries arising out of that conduct would be excluded. Likewise, it is undisputed that Mr. Jay's conduct constitutes sexual molestation and therefore any bodily injury occurring as result is excluded under the policies. Defendants ask the

---

[4]Defendant Sharon Jay's Response to Plaintiff Trinity Universal Insurance Company of Kansas, Inc.'s Motion for Summary Judgment at 12 ("Here, Gary Kirk Jay testified his actions were not for sexual stimulation and were consistent with his alleged preparation of legal defenses involving the juvenile's cases.")

court to rewrite the policies to provide coverage for Mrs. Jay that is expressly excluded. This the court cannot do. *See* BP America, Inc., 148 P.3d at 842.

In sum, Plaintiff Trinity Universal Insurance Company of Kansas, Inc.'s Motion for Summary Judgment (Doc. No. 63) is GRANTED. Judgment shall issue accordingly.

It is so ordered this 8th day of February, 2010.

_____
TIM LEONARD
United States District Judge